## COMMONWEALTH vs. MICHAEL DONOVAN.

An indictment on *St.* 1855, *c.* 405, which alleges that the defendant at a certain time and place kept and maintained " a certain building, place and tenement, to wit, a room in a dwelling-house," used for the purposes prohibited by that statute, " whereby, and by force of the statute in such case made and provided, the said building, place and tenement, then and there kept and maintained by the defendant and then and there used as aforesaid was then and there a common nuisance," sufficiently alleges the place where the building was situated, and that the room was a common nuisance.

INDICTMENT on *St.* 1855, *c.* 405, alleging that the defendant at Springfield on certain days " did keep and maintain a certain building, place and tenement, to wit, a room in a dwelling-house, used as a house of ill-fame, resorted to for prostitution and lewdness, and for illegal gaming, and used for the illegal sale and illegal keeping of intoxicating liquors; whereby, and by force of the statute in such case made and provided, the said building, place and tenement then and there kept and maintained by the said William Donovan, and then and there used and resorted to as aforesaid, was then and there a common nuisance."

The defendant, being convicted in the superior court, moved in arrest of judgment, because the indictment did not allege the place where the building was, but only the place where the defendant kept and maintained the building; because it was argumentative; and because it alleged that the building, place and tenement were a common nuisance, while it only alleged that a room had been kept, maintained and used for the purposes set out. *Vose*, J. overruled the motion, and the defendant alleged exceptions.

*G. M. Stearns*, for the defendant.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

MERRICK, J. The indictment does not vary from the forms which have been approved and often adopted in setting forth offences of a similar character, and contains a statement of all the facts which are necessary to show that the particular offence charged against the defendant has been committed in the place where he kept the tenement. Archb. Crim. Pl. (10th ed.) 636,

637. *Commonwealth* v. *Hill,* 14 Gray, 24. A part of the building may be used in such manner as to make it a nuisance, without affecting the legal character of the other part. It is therefore sufficient to allege and prove that that part has been kept for such purposes as the statute has prohibited and made illegal. *Commonwealth* v. *Shattuck,* 14 Gray, 23.

*Exceptions overruled.*